## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

STEPHANIE WATKINS TYLER,

*Plaintiff,*

v.

PROTECTIVE LIFE INSURANCE
COMPANY and ZURICH LIFE
INSURANCE COMPANY,

*Defendants.*

Case No: 1:23-cv-14871

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants Protective Life Insurance Company ("Protective") and Zurich Life Insurance Company of America, incorrectly identified as Zurich Life Insurance Company ("Zurich") (collectively, the "Defendants"), by their attorneys, Julie F. Wall and Kaitlyn E. Luther of Chittenden, Murday & Novotny LLC, hereby remove the action styled *Stephanie Watkins Tyler v. Protective Life Insurance Company and Zurich Life Insurance Company* from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1441(b). As grounds for this removal, Defendants respectfully state as follows:

**I.   PLEADINGS AND PROCESS**

1.   On August 30, 2023, Plaintiff Stephanie Watkins Tyler, as the "executive" of the Estate of Zelda Jackson ("Plaintiff"), instituted a civil action against Defendants in the Circuit Court of Cook County, Illinois, wherein the case was assigned Case No. 23 L 008738 (the "State

Court Action").[1]  Through her lawsuit, Plaintiff seeks the $250,000.00 face value of Zurich Policy No. 777942 (the "Policy"), plus an additional $250,000.00 in damages for purported fraud and bad faith.  *See* Amended Complaint At Law ("Compl.") at ¶¶ 12, 16, and Request for Relief, included in Group Exhibit "A".

2.      Pursuant to 28 U.S.C. § 1446(a), attached collectively hereto as Group Exhibits "A" and "B" are true and correct copies of all process, pleadings, notices, and orders served upon Protective and Zurich, respectfully, in the State Court Action.

## II.    DIVERSITY JURISDICTION

3.      This is a civil action of which this Court has original federal jurisdiction under 28 U.S.C. § 1332, and this is one that may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(b) because complete diversity of citizenship exists and the amount-in-controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

### A.      Diversity of Citizenship

4.      Plaintiff Stephanie Watkins Tyler is a citizen of the State of Illinois.  *See* Compl. at ¶ 3; Declaration of Julie F. Wall ("Wall Decl.") at ¶ 2 and Exhibit "1" thereto, attached hereto as Exhibit "C".  At the time of her death, Zelda Jackson was also a citizen of the State of Illinois.  *See* Wall Decl. at ¶ 3 and Exhibit "2" thereto.

5.      Protective was at the time of filing of the State Court Action, and is now, a corporation existing under the laws of the State of Tennessee, with its principal place of business located in Birmingham, Alabama.  *See* Declaration of Megan McCabe ("McCabe Decl.") at ¶ 2,

---

[1] Later on August 30, 2023, the court *sua sponte* entered an order dismissing Plaintiff's original Complaint for failure to state a claim, and the court granted Plaintiff leave to file an amended complaint.  Plaintiff filed an Amended Complaint against Defendants on September 15, 2023.

attached hereto as Exhibit "D". Protective is, therefore, a citizen of the State of Tennessee and the State of Alabama for purposes of this Notice. *See* 28 U.S.C. § 1332(c)(1).

6.     In 2004, Zurich was renamed Chase Insurance Life and Annuity Company ("Chase Insurance"). *See* McCabe Decl. at ¶ 3. In 2006, Protective purchased Chase Insurance. *Id.* Effective April 1, 2007, Chase Insurance merged with and into Protective, with Protective being the sole surviving entity. *Id.* Accordingly, because Chase Insurance f/k/a Zurich is no longer a distinct and separate entity under the law, Protective's citizenship controls for purposes of this Notice. *See* John J. Dvroske, et al., *Merged and Consolidated Corporations' Citizenship for Diversity Jurisdiction*, 1 FED. PROC., L. ED. § 1:111 (Aug. 2023) (collecting authorities and explaining: "A company that merges into another company adopts the citizenship of the merged company for diversity jurisdiction purposes."); Wright & Miller, *Diversity Jurisdiction in Actions Involving Corporations—General Principles of Corporate Citizenship*, 13F FED. PRAC. & PROC. JURIS. § 3623 (3d ed.) (collecting authorities and explaining: "The cases seem to be in agreement that the citizenship of the surviving entity is controlling [for diversity jurisdiction purposes]; the citizenship of the predecessor company becomes irrelevant.").

###     B.     Amount-in-Controversy

7.     In her Amended Complaint, Plaintiff seeks the $250,000.00 face value of the Policy, plus an additional $250,000.00 in damages for purported fraud and bad faith. *See* Compl. at ¶¶ 12, 16, and Request for Relief. Thus, it is facially apparent from the Amended Complaint that the amount-in-controversy in this matter, exclusive of interests and costs, exceeds the $75,000.00 jurisdictional minimum. *See Walker v. Macy's Retail Holding, Inc.*, No. 14 C 2513, 2015 WL 970107, at *2 n.2 (N.D. Ill. Feb. 26, 2015) ("Where jurisdiction is based on diversity, 'the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy.'")

(citing 28 U.S.C. § 1446(c)(2)); *Weiskopf v. Menard, Inc.*, No. 3:18-CV-3176, 2019 WL 92764, at *2 (C.D. Ill. Jan. 3, 2019) ("Generally, when removal is sought based on diversity jurisdiction under 28 U.S.C. § 1332, the sum demanded in good faith in the complaint is deemed the amount in controversy.") (citing 28 U.S.C. § 1446(c)(2)). Diversity jurisdiction under 28 U.S.C. §1332 therefore exists.

## III.  TIMELINESS

8.      On September 19, 2023, Defendants first received a copy of the Amended Complaint by mail.[2]  *See* Exh. A; McCabe Decl. at ¶ 4.  This Notice is timely filed within thirty days of September 19, 2023, in accordance with 28 U.S.C. § 1446(b).

9.      There are no other named defendants to this action, and as such, no other defendant(s) need to join or consent to this removal.

## IV.  ALL OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED

10.     Venue is proper in this district under 28 U.S.C. § 1441(a) because this district embraces the court in which the removed State Court Action was pending.

11.     So far as Defendants are aware, no further proceedings have occurred in the State Court Action.

12.     Defendants will file a true and correct copy of this Notice with the Clerk of the Circuit Court of Cook County, Illinois, as required by 28 U.S.C. § 1446(d).

13.     Written notice of the filing of this Notice will be given to the adverse party as required by law.

14.     The allegations of this Notice are true and correct and within the jurisdiction of the United States District Court for the Northern District of Illinois.

---

[2] Defendants were not served with Plaintiff's original Complaint filed (and *sua sponte* dismissed by the court) on August 30, 2023.  *See* McCabe Decl. at ¶ 4.

15.     If any question arises as to the propriety of this removal, Defendants respectfully request the opportunity to present a brief and oral argument in support of their position.

WHEREFORE, Defendants remove the State Court Action from the Circuit Court of Cook County, Illinois, and respectfully requests that this Court exercise jurisdiction over this matter.

Dated: October 13, 2023                    Respectfully submitted,

                                           CHITTENDEN, MURDAY & NOVOTNY, LLC

                                           By: /s/ *Julie F. Wall*
                                               One of the Attorneys for Defendants

Julie F. Wall (jwall@cmn-law.com)
Kaitlyn E. Luther (kluther@cmn-law.com)
CHITTENDEN, MURDAY & NOVOTNY LLC
303 W. Madison Street, Suite 2400
Chicago, IL 60606
(312) 281-3600
(312) 281-3678 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on **October 13, 2023**, I electronically filed a copy of the foregoing **Primerica Life Insurance Company and Zurich Life Insurance Company of America's Notice of Removal**, and documents described therein, with the Clerk of the Court for the Northern District of Illinois, Eastern Division, using the Court's CM/ECF system and served a copy of the foregoing upon the following party by enclosing a true and correct copy thereof in a duly addressed, postage prepaid envelope and depositing same in the U.S. Mail chute at 303 West Madison Street, Chicago, Illinois, before the hour of 5:00 p.m.:

> Stephanie Watkins Tyler
> 2730 S. State St., Apt. 406
> Chicago, IL 60616
> Email: steptyler22@gmail.com

/s/ Julie F. Wall
Julie F. Wall
Kaitlyn E. Luther
CHITTENDEN, MURDAY & NOVOTNY LLC
303 W. Madison Street
Suite 2400
Chicago, IL 60606
(312) 281-3600
(312) 281-3678 (fax)
jwall@cmn-law.com
kluther@cmn-law.com